# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5065 | **DATE** | 3/12/2002 |
| **CASE TITLE** | MATTHEW F. HALE vs. COMMITTEE ON CHARACTER AND FITNESS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted. Hale's First Amended Complaint is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 13 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 34 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMITTEE ON CHARACTER AND FITNESS ) | No. 01 C 5065 |
| FOR THE STATE OF ILLINOIS; BOARD OF ) | |
| ADMISSIONS TO THE BAR; COMMITTEE ON ) | Judge John W. Darrah |
| CHARACTER AND FITNESS, STATE OF ) | |
| ILLINOIS, THIRD JUDICIAL DISTRICT; ) | |
| GORDON L. LUSTFELDT; THOMAS DUNN; ) | |
| CLARK ERICKSON; CHARLES MARSHALL; ) | |
| L. LEE PERRINGTON; and THE SUPREME ) | |
| COURT OF ILLINOIS, ) | |
| ) | DOCKETED |
| Defendants. ) | MAR 1 3 2002 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Matthew Hale ("Hale"), brought suit against defendants, the Committee on Character and Fitness for the State of Illinois ("the Committee"), the Board of Admissions to the Bar ("the Board"), the Committee on Character and Fitness of the Third Judicial District of the State of Illinois ("the Third District Committee"), Gordon Lustfeldt ("Lustfeldt"), Thomas Dunn ("Dunn"), Clark Erickson ("Erickson"), Charles Marshall ("Marshall"), L. Lee Perrington ("Perrington"), and the Supreme Court of Illinois ("the Supreme Court"). Count I alleges a violation of Hale's First Amendment right of freedom of expression pursuant to 42 U.S.C. § 1983; Count II alleges a violation of Hale's First Amendment right of freedom of association pursuant to 42 U.S.C. § 1983; Count III alleges a violation of Hale's Fourteenth Amendment right to due process pursuant to 42 U.S.C. § 1983; Count IV alleges an equal protection claim;

Counts V and VI seek a declaration that Rule 8.4(a)(5) of the Illinois Rules of Professional Conduct is facially unconstitutional as a violation of the First Amendment right of freedom of association and freedom of expression; and Count VII seeks a declaration that Illinois Supreme Court Rule 708 and Rule 4 of the Committee's Rules of Procedure are unconstitutional as a violation of due process under the Fourteenth Amendment. Presently before the Court is Defendants' Motion to Dismiss based on failure to state a claim and this Court's alleged lack of subject matter jurisdiction.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the First Amended Complaint supports the following summary of the alleged conduct of the parties.

Hale, a well-known advocate of racism and anti-semitism, graduated from Southern Illinois University at Carbondale School of Law in 1998 with a J.D. degree. Subsequently, Hale completed and passed the Illinois State Bar Examination. In the summer of 1998, Hale applied for admission into the Illinois State Bar. Hale did not conceal or dilute his racial and anti-semitic views in his application. Hale did affirm that he had the ability and intended to comply with all of the rules and laws governing the conduct of an attorney, regardless of whether he agreed or disagreed with such rules and laws.

Pursuant to Rule 5.1(a) of the Rules of Procedure of the Board of Admissions and the

Committee on Character and Fitness for the State of Illinois ("the Rules of Procedure"), Hale's application was referred to a single member of the Third District Committee for consideration. This member advised the Board that he was not prepared to recommend that Hale be admitted to practice law in Illinois.

Pursuant to Rule 5.2(a) of the Rules of Procedure, the Chairperson of the Third District Committee assigned Hale's application to a three-person "Inquiry Panel" for further review, examination, and recommendation as to whether Hale was or was not fit to practice law. On December 18, 1998, in a 2-1 written decision, the Inquiry Panel recommended that the Committee withhold Hale's admission to practice law in Illinois. The Committee stated that "the reasons for [its] decision relates to the applicant's active advocacy of core beliefs."

The Inquiry Panel's recommendation that Hale not be certified resulted in the automatic creation by the Committee of a five-member "Hearing Panel" to determine with finality whether Hale should be certified for admission to practice law. A hearing was held on April 10, 1999. At the hearing, multiple witnesses testified that Hale possessed the requisite character and fitness to practice law and that he had always displayed a respect for the law, even those with which he disagreed with. The questions asked by the Hearing Panel and the Committee's counsel almost exclusively related to the nuances and intricacies of Hale's political and religious views. On June 30, 1999, the Inquiry Panel denied Hale's application. Cited reasons for denying Hale's application included: (1) Hale's belief in private-sector racial discrimination and his intent to privately discriminate were inconsistent with the letter and spirit of the Rules of Professional Conduct; (2) Hale's refusal to repudiate a 1995 letter that the Committee believed was insulting and inappropriate showed a "monumental lack of sound judgment" that would put Hale "on a

3

collision course with the Rules of Professional Conduct; and (3) the Committee's conclusion that Hale "was not open with the panel during the hearing".

The grounds invoked by the hearing Panel to deny Hale's application were ones which had not previously been raised by the Inquiry Panel. Hale had multiple challenges to the constitutionality of the Committee's denial which he wished to raise.

Pursuant to Supreme Court Rule 708, Hale petitioned the Supreme Court of Illinois for review of the Committee's denial. Hale asked the Illinois Supreme Court to review the constitutionality of the Committee's decision. In the petition to the Supreme Court, Hale argued that he "must be admitted to the Illinois Bar". The Committee filed a response in opposition to Hale's petition for review. The Committee sought that the Illinois Supreme Court sustain the decision of the hearing panel and deny certification of Hale's bar application. On November 12, 1999, the Illinois Supreme Court denied Hale's petition.

Subsequently, Hale petitioned the United States Supreme Court for *certiorari* to review his constitutional challenges. The United States Supreme Court denied Hale's petition. *Hale v. Committee on Character & Fitness of the Ill. Bar*, 530 U.S. 1261 (2000).

Defendants first argue that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (*Rooker*) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Feldman*). The doctrine provides that lower federal courts lack subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (*Edwards*). The doctrine applies to

4

claims that were actually raised before the state court and claims that are inextricably intertwined with the state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*).

In assessing the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate questions to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment". *Long*, 182 F.3d at 555, quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998) (*Centres*). If the alleged injury of the federal plaintiff "is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply". *Centres*, 148 F.3d at 702.

To determine whether the alleged injury is inextricably intertwined, the court focuses on whether the federal court is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729. An alleged injury will be independent if the state court was acting in a non-judicial capacity when it injured the plaintiff. For example, if the state court was "promulgating rules regulating the bar". *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 597 (7th Cir. 1992) (*Leaf*), citing *Feldman*, 460 U.S. at 485. The *Rooker-Feldman* doctrine does not apply if the litigant is challenging the constitutionality of a rule that was applied to him but is not asking "to correct or revise" the determination that he violated the rule. *Buckley v. Illinois Judicial Inquiry Bd.*, 997 F.2d 224, 227 (7th Cir. 1993) (*Buckley*). In addition, the doctrine does not apply if the plaintiff did not have a reasonable opportunity to raise the issue in the state court proceeding. *Long*, 182 F.3d at 558.

In the instant case, the Committee's decision not to certify Hale constituted a judicial

5

determination. *See Feldman*, 460 U.S. at 479; *Edwards*, 261 F.3d at 729. Hale appealed the Committee's decision to the Illinois Supreme Court. The Illinois Supreme Court, upon consideration of Hale's and the Committee's written submissions and the record, denied Hale's petition for review. This order constituted a final state court decision and terminated the state proceedings. *See Edwards*, 261 F.3d at 729.

Hale argues that his "as applied" constitutional claims, Counts I through IV, are not barred by the *Rooker-Feldman* doctrine because his constitutional challenges were not adjudicated by the Illinois Supreme Court.

Hale's argument is without merit. In his petition to the Illinois Supreme Court, Hale raised these constitutional issues. The petition was filed pursuant to Illinois Supreme Court Rule 708(d). Hale cites to several cases holding that the denial of a petition for leave to appeal does not constitute a decision on the merits of the case. However, petitions for leave to appeal filed pursuant to Illinois Supreme Court Rule 315 are not analogous to a petition for review pursuant to Rule 708(d). Unlike a petition for leave to appeal pursuant to Rule 315, in which the Illinois Supreme Court has discretion in determining whether further review is necessary, the final judgment concerning admission to the bar lies only with the Illinois Supreme Court. *See* Ill. Sup. Ct. R. 708; *In re Krule*, 194 Ill. 2d 109, 111 (2000). Furthermore, unlike Rule 315, Rule 708 requires the filing of the record and a response from the committee. As set forth in *Edwards*, the Illinois Supreme Court's denial of a petition brought pursuant to Rule 708 constitutes a final state court decision that terminates the state proceedings. *Edwards*, 261 F.3d at 723.

If this Court were to review Hale's "as applied" constitutional claims, this Court would be required to review the Illinois Supreme Court's decision not to certify him for admission to

6

the Illinois Bar. It is the Illinois Supreme Court that makes this final judgment, not the Committee on Character and Fitness. *See Krule*, 194 Ill. 2d at 111. "This is clearly the type of federal court action that is barred by *Rooker-Feldman*." *Edwards*, 261 F.3d at 730. Accordingly, Counts I through IV of Hale's amended complaint are dismissed with prejudice.

In Counts V through VII, Hale alleges that various Rules of Professional Conduct and the Committee's Rules of Procedure are facially unconstitutional – unconstitutional in themselves, not as applied to Hale.

Federal courts have subject matter jurisdiction over general challenges to state bar rules which do not require review of a final state court judgment in a particular case. *See Feldman*, 460 U.S. at 486; *Leaf*, 979 F.2d at 597. However, even if a plaintiff presents facial challenges to the bar rules, it remains to be determined if a district court would still be required to review the state court decision to consider and decide the federal claim. *See Edwards*, 261 F.3d at 730.

In Counts V and VI, Hale alleges that Rule 8.4a(5) of the Illinois Rules of Professional Conduct is unconstitutional on its face because it impermissibly infringes upon a bar applicant's and all attorney's First Amendment right of freedom of association and freedom of expression, respectively. Count VII alleges that Supreme Court Rule 708 and Rule 4 of the Committee's Rules of Procedure are unconstitutional on their face because they violate the due process clause of the Fourteenth Amendment. In these counts, Hale does not challenge the Committee's findings as to his application or the Illinois Supreme Court's final decision as to the denial of his application. Nor does he seek to have the case remanded if the above rules are determined to be unconstitutional to enable the Committee or the Illinois Supreme Court to reconsider his application/petition. Accordingly, these claims are not barred by the *Rooker-Feldman* doctrine.

7

*See Buckley*, 997 F.2d at 227 (finding that plaintiff's facial challenges were not barred).

Defendants next contend that Hale's claims are barred by the doctrine of *res judicata*.

Since an Illinois court issued the prior judgment, this Court must look to Illinois law to determine whether *res judicata* bars plaintiff's claims. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000); 28 U.S.C. § 1738. In Illinois, *res judicata* bars relitigation of claims that could have been or were asserted in an earlier proceeding. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998) (*River View*). A claim is precluded if it shares three elements with an earlier action: (1) an identity of parties or their privies, (2) an identity of the causes of action, and (3) a final judgment on the merits. *River View*, 184 Ill. 2d at 302.

Here, the parties do not dispute elements 1 and 2. Hale argues that *res judicata* does not apply because the Illinois Supreme Court's denial of his petition for review did not constitute an adjudication on the merits.

The final judgment concerning admission to the Illinois Bar rests with the Illinois Supreme Court. *Krule*, 194 Ill. 2d at 111; *In re Loss*, 119 Ill. 2d 186, 192 (1987) (*Loss*). Ordinarily, the Illinois Supreme Court will not review the decision of the Committee. It will only do so where there has been an arbitrary refusal of a certificate to practice law. *In re Latimer*, 11 Ill. 2d 327, 330 (1957); *In re Frank*, 293 Ill. 263 (1920) (*Frank*). The Committee's judgment is accepted as final by the Supreme Court, and no reexamination is necessary unless the petitioner has demonstrated a manifest abuse of discretion by the Committee. *See Frank*, 293 Ill. at 263.

In the instant case, the Illinois Supreme Court denied Hale's petition for review after consideration of the Committee's response and the record, as is its right. *See* Ill. Sup. Ct. R. 708; *Krule*, 194 Ill. 2d at 111; *Loss*, 119 Ill. 2d at 192; *Frank*, 293 Ill. at 263. The Illinois Supreme

Court has the final judgment concerning admission to the bar through Rule 708. *See Krule*, 194 Ill. 2d at 111; *Loss*, 119 Ill. 2d at 192. Accordingly, as a matter of law, the Illinois Supreme Court's denial of the petition for review is an adoption of the Committee's decision as its own. *See generally, Edwards*, 261 F.3d at 729; *Loss*, 119 Ill. 2d at 192; *Latimer*, 11 Ill. 2d at 330; *Frank*, 293 Ill. at 263; *see also Julien v. Committee of Bar Examiners*, 923 F. Supp. 707, 716 (D.C. V.I. 1996) (finding doctrine of *res judicata* barred plaintiff's claims before the district court). Therefore, the Supreme Court's denial of Hale's petition for review constitutes a final decision of Hale's claims on the merits. Accordingly, Hale's claims are barred by the doctrine of *res judicata*.

In light of the above findings, this Court need not address Defendants' claim that Hale's First Amended Complaint fails to state a claim.

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Hale's First Amended Complaint is dismissed with prejudice.

Dated: March 12, 2002

JOHN W. DARRAH
United States District Judge